UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KARISSA S. BLAIR, | ) | No. 03 B 43122 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOEL A. SCHECHTER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 A 4824 |
| | ) | |
| RUSSELL WEILER; NAOMA WEILER; JOANNA ZEILLER; and KARISSA S. BLAIR, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

A chapter 7 trustee administering a debtor's estate will often sell the debtor's house to pay creditors. In this case, chapter 7 trustee Joel Schechter wants to sell the house of the debtor's parents, Russell and Naoma Weiler. According to Schechter, debtor Karissa Blair, the Weilers' daughter, has an interest in the house that became part of her bankruptcy estate when she filed her petition. Schechter claims a sale of the entire property is warranted under section 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h).

In 2003, Schechter filed a two-count adversary complaint against the Weilers, Blair, and Joanna Zeiller, a judgment creditor of Blair who recorded her judgment against the property. Count I sought permission from the court to sell the property free and clear of liens under section 363(h). Count II sought to avoid Zeiller's judgment lien as a preference pursuant to section

547(b). Schechter later filed an amended complaint adding a third count. The third count invoked section 549(a) and sought to avoid Blair's post-petition transfer of her interest back to her parents.

Schechter and the Weilers have now filed cross-motions for summary judgment on Counts I and III of the complaint. Schechter also moves for a default judgment against Blair on Counts I and III and against Zeiller on Count II.

For the reasons discussed below, Schechter's motion for summary judgment on Counts I and III of the amended complaint will be granted. His motion for default judgments against Blair and Zeiller will also be granted.[1] The Weilers' motion for summary judgment will be denied.

### 1. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (E), (F), and (N). The court may therefore enter a final judgment. *In re Smith*, 848 F.2d 813, 816 (7th Cir. 1988).

### 2. Facts

The following facts are undisputed.[2] Russell and Naoma Weiler live in Beach Park,

---

[1] The court's docket reflects that Blair was served with the complaint but failed to answer or otherwise defend. Schechter is accordingly entitled to a default judgment against Blair on Counts I and III. *See* Fed. R. Civ. P. 55(b) (made applicable by Fed. R. Bankr. P. 7055). As for Count II, the court's docket reflects that Zeiller, like Blair, was served with the complaint but failed to answer or otherwise defend. Schechter also avers in an affidavit that Zeiller's counsel conceded to him privately that Zeiller had no defense to Schechter's claim. Schechter is entitled to a default judgment on Count II as well. *Id.*

[2] Under the court's local rules, a party seeking summary judgment must submit a statement of facts with citations to evidentiary material supporting each fact. L.R. 7056-1(B).

Illinois, and are the parents of debtor Karissa Blair. The Weilers own the Beach Park property containing their residence.

In 2000, the Weilers decided to move to Wisconsin and sell the Beach Park property to Blair. Because she had a poor credit history, however, Blair was unable to obtain a mortgage. On the advice of a mortgage broker, the Weilers and Blair came up with a way to repair Blair's credit. The Weilers and Blair would become joint tenants of the property and together would borrow money using the property as collateral. After making payments on the loan for six months or so, Blair's credit would be in good enough shape to allow her to secure a mortgage of her own. Blair could then buy the property.

The Weilers and Blair set about carrying out their plan. On December 14, 2000, the Weilers executed a quitclaim deed, conveying the property to themselves and to Blair. The deed, a printed form with the heading "quit claim deed" and the words "Illinois statutory" underneath, recited that grantors "Russell and Naoma Weiler . . . convey(s) and quit claim(s) to Russell & Naoma Weiler, and Karissa Blair . . . all interest in the following described real estate situated in the County of Lake, in the State of Illinois, to wit . . . ." The space for the property's legal description following this recitation was left blank for some reason, but after the lacuna the deed listed the permanent index number as well as the street address of the property conveyed. The address was the address of the Weilers' Beach Park property. The deed was recorded on January

---

The opposing party must then submit a response, admitting or denying each fact, and including references to supporting evidence if facts are denied. L.R. 7056-2(A)(2)(a). Facts not denied are deemed admitted. L.R. 7056-2(B). Here, both movants submitted statements of facts in support of their respective motions. Neither movant, however, responded to the other's statement, and so each movant effectively admitted the other's facts. That happenstance would preclude summary judgment if the parties differed on the facts. Here, however, the two statements of facts are almost identical. Since the parties agree on the material facts, the court can enter judgment as a matter of law. *See* Fed. R. Civ. P. 56(c) (made applicable by Fed. R. Bankr. P. 7056).

2001.

After the execution of the deed, the Weilers and Blair obtained a $20,000 home equity loan secured by a mortgage on the Beach Park property, a mortgage junior to the Weilers' mortgage encumbering the property before the transfer. As planned, Blair took possession of the property, agreeing to pay the loans securing both the first mortgage and the junior mortgage, pay all utilities, and generally maintain the property. The Weilers moved to Wisconsin.

At this point, unfortunately, the plan began to unravel. Blair was unable to make a go of it, and she defaulted on both loans. The first mortgagee filed an action to foreclose on its mortgage, but Russell's father paid off the loan and the action was dismissed. Blair's troubles were by no means over, however. In 2003, Zeiller obtained a $500,000 judgment against Blair in an Illinois state court action the nature of which the parties have not disclosed. Zeiller recorded the judgment on September 17, 2003.

Faced with liability for Zeiller's judgment, on October 21, 2003, Blair sought protection under chapter 7 of the Bankruptcy Code. After the bankruptcy filing, the Weilers moved back to the Beach Park property. Blair moved out of the property and into an apartment.

On December 9, 2003, without seeking or receiving authorization from the bankruptcy court, Blair and the Weilers executed another quitclaim deed, this one conveying the Beach Park property back to the Weilers. The deed was recorded on December 23, 2003. No consideration was given for the transfer. In early January 2004, the Weilers obtained a new loan secured by a mortgage on the property, this one in the amount of $113,500. The Weilers used the proceeds to repay Russell's father for saving the property from foreclosure the previous year.

-4-

### 3. Discussion

Although Counts I and III of Schechter's adversary complaint allege very different claims, a single issue under Count I appears to drive the outcome on both: did the Weilers' 2000 quitclaim deed convey to Blair an interest in the Beach Park property of the kind subject to section 363(h)? If it did, as Schechter maintains, he is entitled to judgment on both Counts I and III. If it did not, as the Weilers insist, the Weilers prevail across the board.

#### a. Section 363(h)

Blair does hold an interest in the property of the kind mentioned in section 363(h). Schechter is therefore entitled to sell both Blair's interest and the Weilers' interest in the Beach Park property.

Section 363(h) of the Code permits a trustee to sell both the estate's interest and the interest of a non-debtor co-owner in property in which the debtor had "an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." 11 U.S.C. § 363(h). The sale is permissible if four requirements are satisfied: (1) partition is impracticable; (2) the sale of the estate's interest alone would realize significantly less than the sale of the property free of the co-owner's interest; (3) the benefit to the estate outweighs the detriment to the co-owner; and (4) the property is not used in the production, transmission or distribution for sale of electricity or gas for heat, light or power." *Id.*; *see generally Grochocinski v. Zeigler (In re Zeigler)*, 320 B.R. 362, 382 (Bankr. N.D. Ill. 2005); *Voiland v. Gillissie (In re Gillissie)*, 215 B.R. 370, 380 (Bankr. N.D. Ill. 1997).

In this case, the Weilers concede (since they do not dispute) that all four of these requirements are satisfied. They make their stand at an earlier point, contending that the debtor,

Blair, lacks the kind of interest in the Beach Park property that would allow a sale under section 363(h) in the first place. Blair, the Weilers say, did not have an undivided interest in the property as a tenant in common, joint tenant, or tenant by the entirety. They argue that she had "legal title" but no equitable interest in the property, "as no equitable ownership was intended." (Weiler Mem. at 3). They note that section 541(d) of the Code recognizes this distinction.

The Weilers are mistaken. Blair's interest in the Beach Park property is a matter of state law, not bankruptcy law. The filing of a bankruptcy petition creates an estate consisting of the debtor's property. 11 U.S.C. § 541(a). The scope of the estate is broadly defined, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983), encompassing "all legal or equitable interests of the debtor in property," 11 U.S.C. § 541(a)(1). Whether a debtor has an interest in property at all, however, depends on state law. "Property interests are created and defined by state law," and in the bankruptcy laws "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

Blair's interest therefore depends on the effect under state law of the instrument that conferred it. That instrument was the deed the Weilers executed on December 14, 2000. By its terms, the deed was an "Illinois statutory" quitclaim deed, and the deed in fact matched the statutory form in section 10 of the Illinois Conveyances Act, conveying to the Weilers and Blair "all interest" in the Beach Park property. *See* 765 ILCS 5/10 (2002). A quitclaim deed in the form prescribed by the statute has the effect of conveying to the grantee "all the then existing legal or equitable rights of the grantor" in the property described. *Id.*; *see also Citizens Nat'l Bank of Alton v. Glassbrenner*, 377 Ill. 270, 278, 36 N.E.2d 364, 369 (1941); *Hubbard v. Buddemeier*, 328 Ill. 76, 80-81, 159 N.E. 229, 232 (1927).

The Weilers accordingly conveyed to Blair, not mere legal title to the Beach Park property, but the same interest in the property the Weilers held. *In re Marriage of Didier*, 318 Ill. App. 3d 253, 261, 742 N.E.2d 808, 814 (1st Dist. 2000) (noting that quitclaim deed conveys whatever title or interest the grantor has). Assuming the Weilers held an interest in fee simple (and there is no reason to believe they did not), Blair obtained an interest in fee simple. *Keen v. Cleveland, C., C. & St. L. Ry.*, 392 Ill. 362, 367-68, 64 N.E.2d 499, 502 (1946). As a result of the conveyance, then, she became a tenant in common with the Weilers. *See* 765 ILCS 1005/1 (2002) (requiring express declaration of joint tenancy and stating that, with certain inapplicable exceptions, all other estates are deemed tenancies in common). And because she held an interest as a tenant in common on the date she filed bankruptcy, her interest is subject to section 363(h). *See* 11 U.S.C. § 363(h). Schechter is entitled to sell both Blair's interest and the interest of the Weilers in the property.

The Weilers, though, reject this conclusion. They claim they never intended to transfer an equitable interest in the property to their daughter. The idea was for Blair to receive bare legal title, with a conveyance of the equitable interest to come later only when Blair was able to obtain a mortgage. Because that did not happen, they argue, "no equitable interest transfer ever took place." (Weiler Mem. at 3).

Perhaps that was the Weilers' actual intent. Perhaps not. But regardless, the deed they executed unambiguously reflected a different intent. *See Corbridge v. Westminster Presbyterian Church & Soc.*, 18 Ill. App. 2d 245, 259, 151 N.E.2d 822, 829 (2nd Dist. 1958) (finding statutory quitclaim deed unambiguous). When a deed is unambiguous, "the grantor's intent is to be construed from the four corners of the deed," *Mann v. Mann*, 283 Ill. App. 3d 915, 918, 671

N.E.2d 73, 76 (3rd Dist. 1996), "without consideration of extrinsic factors," *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 476, 575 N.E.2d 548, 556 (1991). With the deed clear on its face and its effect well-established as a matter of law, the Weilers cannot now claim they really meant the transaction to accomplish something else entirely.

Because the deed conveyed to Blair a fee simple interest in the Beach Park property, an interest she held as a tenant in common with the Weilers, all elements of section 363(h) are satisfied. Schechter is entitled to judgment on Count I and will be given permission to sell the property.[3]

### b. Section 549(a)

For the same reason, Schechter can avoid the reconveyance of Blair's interest in the property to the Weilers in December 2003 and recover that interest.

Section 549(a) permits a trustee to void an unauthorized, post-petition transfer of property of the estate. 11 U.S.C. § 549(a). The trustee can then recover the property transferred (or, with court permission, its value) from the transferee. 11 U.S.C. § 550(a). Avoidance under section

---

[3] The parties raise a side issue concerning the percentage interest the Weilers and Blair hold in the property. The deed says nothing on the subject but simply conveys the property to "Russell & Naoma Weiler, and Karissa Blair." Perhaps because of the punctuation, Schechter claims it is unclear whether the Weilers (together as some sort of unit) received a one-half interest and Blair received a one-half interest, or whether each individual received a one-third interest. The Weilers take no position on the issue but simply deny that the deed is unclear.

Under Illinois law, each person has an undivided one-third interest in the Beach Park property. As discussed earlier, the deed made Blair and the Weilers tenants in common. Tenants in common each hold an undivided fractional interest in the property. *United States v. Craft*, 535 U.S. 274, 279-80 (2002). When a conveyance is made to two or more parties and fails to designate each party's fractional interest, the parties are presumed to take equal shares. *Sturdyvin v. Ward*, 336 Ill. 594, 601, 168 N.E. 666, 669 (1929); *Osborne v. Osborne*, 325 Ill. 229, 230, 156 N.E. 306, 307 (1927). No evidence was offered to rebut that presumption here. The deed therefore conveyed a one-third interest each to Karissa Blair, Russell Weiler, and Naoma Weiler.

549(a) has four elements: (1) property was transferred; (2) the property was property of the bankruptcy estate; (3) the transfer occurred after the commencement of the case; and (4) neither the bankruptcy court nor the Bankruptcy Code authorized the transfer. *Krol v. Wilcek (In re H. King & Assocs.)*, 295 B.R. 246, 291 (Bankr. N.D. Ill. 2003); *Hoagland v. Edward Hines Lumber Co. (In re LWMcK Corp.)*, 196 B.R. 421, 423 (Bankr. S.D. Ill. 1996). The burden of proof falls, not on the trustee seeking to avoid the transfer, but on the party claiming the transfer is valid. Fed. R. Bankr. P. 6001; *Krol*, 295 B.R. at 291.

The Weilers have not met that burden, and it is unclear whether they even contest Schechter's section 549(a) claim. The Weilers never discuss the claim in their summary judgment papers – perhaps because for them section 363(h) is the crux of the dispute. If Schechter had no right to sell the property under section 363(h), what point would there be in voiding the post-petition transfer? But the Weilers lost on the section 363(h) issue, and now they lose on the section 549(a) issue as well. Not only do they offer no evidence to support the validity of the reconveyance, but they admit in their answer both that the reconveyance was a post-petition transfer of estate property of the bankruptcy estate (Answer, ¶ 31) and that the transfer was unauthorized (*id.*, ¶ 32). The answer accordingly admits every element of the claim. *See Krol*, 295 B.R. at 291. There is no dispute, then, that Schechter can avoid the transfer.[4]

---

[4] The Weilers do not claim the rights of a good faith purchaser who gave "fair equivalent value" for the reconveyance "without knowledge of the commencement of the case." 11 U.S.C. § 549(c). Although the parties offer no evidence on the question, it seems unlikely that Blair would have sought bankruptcy protection without her parents' knowledge. More important, the Weilers concede that there was no consideration given for the reconveyance. A party who pays nothing for a transfer of property does not give "fair equivalent value." *Cf. Freeland v. Enodis Corp. (In re Consolidated Indus. Corp.*, 292 B.R. 354, 361 (Bankr. N.D. Ind. 2002) (holding under section 548 that "[t]ransfers made for no consideration at all do not provide reasonably equivalent value to the debtor").

Rather than quarrel with Schechter's avoidance rights, the Weilers try a different tack. They argue that under section 509 they have "an equitable lien on the property up to the funds they paid to redeem from foreclosure." (Weiler Reply Mem. at 2). That lien "negates the potential equity for the Trustee of his purported 1/3 interest and demands abandonment of the interest under 11 U.S.C. [§] 554(b)." (*Id.*).

There are two problems with this argument. First, it is a one-sentence point in the Weilers' initial memorandum that expands to a two-sentence point in their reply. The Weilers never develop the point, and they fail to support it with any legal authority other than citations to the Code. The court has no obligation to develop the point for them. *Bretford Manuf. Inc. v. Smith Sys. Manuf. Corp.*, ___ F.3d ___, ___, 2005 WL 1863415, at *4 (7th Cir. Aug. 8, 2005). "Perfunctory or undeveloped arguments are waived." *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005); *see also Colburn v. Trustees of Indiana Univ.*, 973 F.2d 581, 593 (7th Cir. 1992).

Second, it is not evident what relevance section 509 has here in any event. That section provides a right of equitable subrogation, stating that "an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment." 11 U.S.C. § 509(a); *see also In re The Medicine Shoppe*, 210 B.R. 310, 313 (Bankr. N.D. Ill. 1997). As far as the record shows, Blair was an obligor only on the second mortgage taken out to rehabilitate her credit. Blair may have made payments on the first mortgage, but there is no evidence she ever assumed that mortgage or otherwise became formally obligated on the loan. Moreover, the Weilers did not pay the first mortgage for Blair to stop the foreclosure. Russell Weiler's father did. If

-10-

anyone has rights under section 509(a), he does. The Weilers have no such rights.

Because Blair's reconveyance to the Weilers was an authorized post-petition transfer of estate property, Schechter is entitled to summary judgment on Count III. The transfer will be avoided.

### 4. Conclusion

The motions of trustee Joel A. Schechter for summary judgment and for default judgment on his adversary complaint are granted. Judgment is entered in favor of Schechter and against defendants Russell Weiler, Naoma Weiler, and Karissa Blair on Counts I and III of the complaint. The motion of defendants Russell Weiler and Naoma Weiler for summary judgment on Counts I and III is denied. Judgment is also entered in favor of Schechter and against defendant Joanna Zeiller on Count II of the complaint. Zeiller's 2003 judgment lien on the Beach Park property is deemed avoided pursuant to 11 U.S.C. § 547(b). The 2003 transfer of Blair's interest in the Beach Park property is deemed avoided pursuant to 11 U.S.C. § 549(a). Schechter may sell the Beach Park property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(h).

Dated: August 26, 2005

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge